# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KENYA FORT, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | |
| v. | Case No. 1:23-cv-00367 |
| ANTECH DIAGNOSTICS, INC. and VICAR OPERATING INC., | |
| *Defendants.* | |

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Kenya Fort ("Plaintiff"), both individually and on behalf of the Settlement Class, Antech Diagnostics, Inc. ("Antech"), and Vicar Operating Inc. ("Vicar", and together with Antech, "Defendants") (collectively, the "Parties"), in the case *Kenya Fort v. Antech Diagnostics, Inc., et al.*, Case No. 1:23-cv-00367, currently pending in the United States District Court for the Northern District of Illinois (the "Litigation").

## 1.     FACTUAL BACKGROUND AND RECITALS

1.1     On November 29, 2022, Plaintiff Kenya Fort filed her Class Action Complaint in the Circuit Court of Cook County against Defendants, alleging violations of Illinois's Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").  ECF No. 1-1.

1.2     On January 20, 2023, Defendants removed the matter to federal court.  ECF No. 1.

1.3     On February 10, 2023, Defendants filed their Answer and Affirmative Defenses to the Class Action Complaint, denying all material allegations and raising eight affirmative defenses. ECF No. 14.

1.4     The Parties hereby wish to resolve all matters pertaining to, arising from, or associated with the pending Litigation, including all BIPA claims Plaintiff and the Settlement Class Members have or may have had against Defendants and any Released Parties, as that term is defined herein.

1.5     The Parties have agreed to settle the Litigation according to the terms and conditions set forth herein with the understanding that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

1.6     Defendants deny all wrongdoing or liability of any kind whatsoever asserted by Plaintiff and/or Settlement Class Members in this Litigation, including that it violated BIPA. Despite Defendants' belief that it is not liable for the allegations in the Litigation, and despite Defendants' viable defenses to those allegations, Defendants desire to settle the Litigation and thus avoid the expense and burden of continued litigation of any action or proceeding relating to the matters being fully settled and finally put to rest in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed, or any document created in relation to, the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission or evidence of any wrongdoing or liability.

1.7     Following the Parties' extensive arms-length negotiations, the Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and in the best interests of Plaintiff and the Settlement Class recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiff's determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

1.8     Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

1.9     In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation will be settled and compromised, and that the Releasing Parties release the Released Parties of the Released Claims, without costs as to the Released Parties, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Agreement, subject to the approval of the Court, on the following terms and conditions.

## 2.     **DEFINITIONS**

In addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

2.1     "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release, including the attached Exhibits.

2.2     "Antech" means Defendant Antech Diagnostics, Inc.

2.3     "Biometric Timekeeping System" means the time clock and/or timekeeping technology devices, systems, software, and/or hardware used at Defendants' Illinois facilities any

2

time during the time period of November 29, 2017 to present that was used for timekeeping purposes, as alleged in the Complaint.

2.4    "Class," "Settlement Class," "Class Member," or "Settlement Class Member" means each member of the settlement class, as defined in Section 3 of this Agreement, who does not submit a timely and valid request for exclusion from the Settlement Class and includes Plaintiff.

2.5    "Class Counsel" means David Fish and Mara Baltabols of Fish Potter Bolaños, P.C.

2.6    "Class List" shall have the meaning ascribed to it as set forth in Section 7.1 of this Agreement.

2.7    "Complaint" means the document titled Class Action Complaint filed on November 29, 2022, in the Litigation. ECF No. 1-1.

2.8    "Counsel" or "Counsel for the Parties" means both Class Counsel and Defendants' Counsel, collectively.

2.9    "Court" means the Honorable Elaine E. Bucklo of the United States District Court for the Northern District of Illinois, and her successors, if any, or any other judge who shall have jurisdiction over the Litigation.

2.10    "Defendants" means Antech Diagnostic, Inc. and Vicar Operating Inc.

2.11    "Defendants' Counsel" means Hyongsoon Kim of Akin Gump Strauss Hauer & Feld LLP.

2.12    "Effective Date" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or Service Award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order.

2.13    "Escrow Account" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendants' Counsel at a depository institution insured by the Federal Deposit Insurance Corporation.  The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) calendar days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be

3

responsible for all tax filings with respect to the Escrow Account.

2.14    "Fee Petition" means the motion to be filed by Class Counsel that Defendants will not oppose, in which they will seek approval of an award of attorneys' fees and costs as well as a Service Award for the Class Representative.

2.15    "Fee Award" means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel to be paid from the Settlement Fund.

2.16    "Final" means the later of (i) if there are no objectors, the date of entry of the Final Approval Order; (ii) if there are one or more objectors, the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; (iii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to any Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iv) the date of final dismissal of any appeal or the final dismissal of any proceeding on appeal with respect to the Final Approval Order.

2.17    "Final Approval Hearing" means the hearing before the Court where Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving a Service Award to the Class Representative.

2.18    "Final Approval Order" means the final approval order to be entered by the Court approving the Settlement of the Litigation in accordance with this Settlement Agreement after the Final Approval Hearing and dismissing the Litigation with prejudice.

2.19    "Litigation" means the case captioned *Kenya Fort v. Antech Diagnostics, Inc., et al.*, Case No. 1:23-cv-00367.

2.20    "Notice" means the direct notice of this proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and 735 ILCS 5/2-801 *et seq.*, and is substantially in the form of Exhibit A attached hereto.

2.21    "Notice Date" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than (i) thirty (30) calendar days after entry of the Preliminary Approval Order, or (ii) thirty (30) calendar days after the final Class List is compiled as described in Section 7.1, whichever occurs later.

2.22    "Objection/Exclusion Deadline" means the date by which a written objection to this Settlement Agreement by a Class Member must be postmarked and/or filed with the Court, and the date by which a request for exclusion submitted by a person within the Settlement Class must be postmarked, and which shall be designated as a date approximately forty-five (45) calendar days after the Notice Date, as approved by the Court.  The Objection/Exclusion Deadline will be set forth in the Notice.

2.23    "Parties" shall mean Plaintiff and Defendants, collectively.

2.24    "Plaintiff" or "Class Representative" means the Named Plaintiff, Kenya Fort.

2.25    "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, approving the form and manner of issuing the Notice, and entering the order substantially in the form set forth in this Agreement and in Exhibit B attached hereto.

2.26    "Released Claims" means (i) any and all claims, known or unknown, under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*., and (ii) any and all claims of any nature and description, known or unknown, including statutory and common law claims, arising out of or relating to Defendants' alleged possession, collection, capture, purchase, receipt through trade, obtainment, use, sale, lease, trade, profit from, disclosure, redisclosure, dissemination, storage, transmission, and/or protection from disclosure of alleged biometric identifiers and/or biometric information.

2.27    "Released Parties" means (a) Antech Diagnostics, Inc. and each of its respective present and former divisions, members, managers, subsidiaries, parents, predecessors, and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under, or in concert with any of them; and (b) Vicar Operating Inc. and each of its respective present and former divisions, members, managers, subsidiaries, parents, predecessors, and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under, or in concert with any of them.

2.28    "Plaintiff Releasing Parties" shall refer, jointly and severally, to Named Plaintiff Kenya Fort and to each of her predecessors, successors, heirs, beneficiaries, conservators, trustees, executors, administrators, representatives and assigns, and anyone claiming by, through, or on her behalf.

2.29    "Settlement Class Member Releasing Parties" shall refer jointly and severally to Settlement Class Members and their respective predecessors, successors, heirs, beneficiaries, conservators, trustees, executors, administrators, representatives and assigns, and anyone claiming by, through, or on his or her behalf.

2.30    "Settlement Administration Expenses" means all expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, expenses associated with the Settlement Administrator, including but not limited to costs in communicating with Settlement Class Members, disbursing payments to the proposed Settlement Class Members by mail and electronic means, related tax expenses, fees of the escrow agent, and other such related expenses, with all such expenses to be paid from the Settlement Fund.

2.31 "Settlement Administrator" means, subject to Court approval, Analytics Consulting, LLC, the entity mutually selected and supervised by the Parties, which will provide the Notice, create and maintain the Settlement Website, receive and process W-9 Forms, send Settlement Payments to Settlement Class Members, be responsible for tax reporting, and perform such other settlement administration matters set forth herein or contemplated by the Settlement.

2.32 "Settlement Class" means all individuals who scanned their fingers on a timeclock provided by Defendants while in Illinois at any time from November 29, 2017 through the date of the Preliminary Approval Order and who did not timely exclude themselves from the Settlement.

2.33 "Settlement Fund" means or refers to the non-reversionary gross settlement fund to be established by Defendants or their insurer(s) in the total amount of $1,333,800 (One Million, Three Hundred and Thirty-Three Thousand, Eight Hundred Dollars). This amount is based upon $1,350 per Class Member and assumes a class size of 988 ("Class Size"). Within twenty-eight (28) calendar days of the entry of the Preliminary Approval Order, Defendants or its insurer(s) shall deposit One Hundred and Fifty Thousand Dollars ($150,000.00) into the Escrow Account for the purpose of funding Settlement Administration Expenses. Defendants or their insurer(s) shall transmit the remaining balance of the Settlement Fund, $1,183,800 (One Million, One Hundred and Eighty-Three Thousand, Eight Hundred Dollars), into the Escrow Account within fourteen (14) calendar days after the entry of the Final Approval Order. The Settlement Fund shall satisfy all monetary obligations of Defendants (or any other Released Party) under this Settlement Agreement, including the Settlement Payments, Settlement Administration Expenses, Fee Award, Service Award, litigation costs, taxes, and any other payments or other monetary obligations contemplated by this Agreement or the Settlement. The Settlement Fund is the maximum amount that Defendants shall be obligated to pay under this Settlement, unless it is subsequently determined the Class Size has increased by more than 5 percent, in which case Defendant will increase the Settlement Fund by $1,350 per each additional class member over the Class Size. The Settlement Fund shall be reduced by the number of individuals who timely opt out multiplied by their pro rata share of the Settlement Fund. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. In no event shall any amount paid by Defendants or their insurer(s) into the Escrow Account, or any interest earned thereon, revert to Defendants or any other Released Party.

2.34 "Settlement Payment" means a *pro rata* portion of the Settlement Fund less any Fee Award, Service Award to the Class Representative, and Settlement Administration Expenses.

2.35 "Service Award" shall have the meaning ascribed to it as set forth in Section 13 of this Agreement and will be paid from the Settlement Fund.

2.36 "Vicar" means Defendant Vicar Operating Inc.

## 3. SETTLEMENT CLASS CERTIFICATION

3.1 For the purposes of the Settlement only, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained in Paragraph 3.3 below; (2) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative;

and (3) Plaintiff's Counsel shall be appointed as Class Counsel.

3.2     Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement, or if for any other reason final approval of the Settlement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into.

3.3     Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

> All individuals who scanned their fingers on a timeclock provided by Defendants while in Illinois at any time from November 29, 2017 through the date of the Preliminary Approval Order and who did not timely exclude themselves from the Settlement.

3.4     Excluded from the Settlement Class are all persons who timely elect to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

3.5     If for any reason the Settlement is not approved, the Court does not enter a Preliminary Approval Order and/or a Final Approval Order, or final settlement and resolution of the Litigation as provided for in this Agreement is not reached, Defendants' agreement to the certification of the Settlement Class shall not be used or cited for any purpose in the Litigation or otherwise, including but not limited to any request for class certification in the Litigation or any other proceeding.

## 4.     **SETTLEMENT FUND**

### 4.1     **Establishment of Settlement Fund**

(a)     Within twenty-eight (28) calendar days of the entry of the Preliminary Approval Order, Defendants or their insurer(s) shall deposit One Hundred and Fifty Thousand Dollars ($150,000.00) into the Escrow Account for the purpose of funding Settlement Administration Expenses. Defendants or their insurer(s) shall transmit the remaining balance of the Settlement Fund, $1,183,800 (One Million, One Hundred and Eighty-Three Thousand, Eight Hundred Dollars), into the Escrow Account within seven (7) calendar days after the entry of the Final Approval Order. The Settlement Fund will be used to satisfy payment of: (i) all Settlement Payments to Settlement Class Members; (ii) the Service Award to the Class Representative ($10,000); (iii) the Fee Award; and (iv) payment of Settlement Administrative Expenses.

(b)     All funds provided to the Settlement Administrator under this Agreement shall be maintained by an escrow agent as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1, *et seq.*, of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

(c)     If the Settlement Agreement is not finally approved, the Settlement Fund belongs to Defendants less any Settlement Administrative Expenses paid to date.

(d)     The amount of any uncashed checks after the expiration date, less any funds necessary for settlement administration, will be distributed to Raise the Floor Alliance, a Chicago based non-profit and legal clinic, as *cy pres* recipient, if approved by the Court. No portion of the $1,333,800 Settlement Fund shall revert to or remain with Defendants, following final approval.

(e)     The Settlement Fund represents the total extent of Defendants' monetary obligations under the Settlement Agreement and the contributions to the Settlement Fund shall be fixed under this Agreement and final.  Defendants shall have no obligation to make further payments to the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Fund.

(f)     The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the terms and amount of the Settlement Fund.

4.2     The Settlement Fund shall be allocated on a *pro rata* basis to each Settlement Class Member, including the Class Representative, less Settlement Administrative Expenses paid to the Settlement Administrator, a Fee Award to Class Counsel, and a Service Award to the Class Representative.

4.3     Settlement Class Members shall receive their shares of the Settlement Fund without having to submit a claim form or otherwise "opt in" to the Settlement Class.

4.4     The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable to Class Members required pursuant to any federal, state, or local tax law or regulation hereunder.  The Settlement Administrator shall also be responsible for filing and sending Form 1099 to any applicable recipient of money from the Settlement Fund.

4.5     Plaintiff and all other Class Members will be solely responsible for all taxes, interest, penalties, or other amounts due with respect to any payment received pursuant to the Settlement.

**4.6     Procedure for Approving Settlement**

(a)     Promptly after execution of this Settlement Agreement, Plaintiff will file an unopposed motion for an order conditionally certifying the Settlement Class, granting Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the form and method of issuing the Settlement Notice (the "Unopposed Motion for Preliminary Approval").

(b)     At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed order granting conditional certification of the Class and preliminary approval of the Settlement; appointing the Class Representative and Class Counsel; approving the Settlement Notice to the Settlement Class; and setting the Final Approval Hearing.

(c)     For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the definition and on the terms contained above, that Plaintiff shall be conditionally appointed Class Representative, and that Plaintiff's Counsel shall be conditionally appointed as Class Counsel. Should the Court decline to preliminarily approve any material aspect of the Settlement Agreement, the Settlement Agreement will be null and void, and the Parties will have no further obligations under the Agreement, and the Parties will revert to their prior positions in the Litigation as if the Settlement had not occurred.

## 5.    RELEASE

### 5.1    Class Representative's General Release of Claims and Settlement Class Members Release of Claims

(a)     In consideration of the settlement relief described herein, the Plaintiff Releasing Parties, and each of them, shall have, fully, finally, and forever, released, relinquished and discharged the Released Parties from any and all claims including all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations of any kind whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, including but not limited to, the Illinois Biometric Information Privacy Act, the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Equal Pay Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Americans with Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, the Illinois Human Rights Act, Right to Privacy in the Workplace Act, Illinois Employment Contract Act, Illinois Labor Dispute Act, Illinois Whistleblower Act, Illinois Equal Pay Act, or other federal, state, local, statutory or common law or any other law, including the law of any jurisdiction outside the United States, against the Released Parties from the beginning of the world to the date this Agreement is executed, including but not limited to all claims which were made or which could have been made by the Class Representative in this Action.

(b)     Plaintiff acknowledges she may have claims that are presently unknown based on actions that took place prior to the date she executes this Agreement and that the release of Plaintiff's Released Claims contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against Defendants and the other

9

Released Parties, whether now asserted or not asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, which if known, might have affected her decision to enter this release. Plaintiff agrees that, although she may discover facts in addition to or different from those that are currently known or believed to be true with respect to Plaintiff's Released Claims, it is her intention to fully, finally, and forever settle and release any and all Plaintiff's Released Claims, without regard to the subsequent discovery or existence of such additional or different facts.

**5.2    Release for Settlement Class Members**

(a)    Upon the Effective Date, and in consideration of the settlement relief described herein, the Class Member Releasing Parties, and each of them shall be deemed to have released and by operation of the Final Judgment shall have fully finally and forever, released, relinquished and discharged the Released Parties from all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, relating to the Released Claims, as defined in paragraph 2.23 above.

5.3    In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, the Released Parties shall be fully, finally, and completely released, acquitted, and forever discharged from any and all Released Claims.

5.4    As of the Effective Date, and with the approval of the Court, all Releasing Parties hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel all Released Claims against the Released Parties. As of the Effective Date, all Releasing Parties will be forever barred and enjoined from prosecuting any action against the Released Parties asserting any and/or all Released Claims.

5.5    Each Releasing Party waives any and all defenses, rights, entitlements, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

5.6    The Released Parties do not admit any liability or wrongdoing. The Settlement Agreement may not be construed in whole or in part as an admission of fault, liability, or wrongdoing by the Released Parties. The Released Parties agree to this settlement to avoid the burden and expense of litigation without in any way acknowledging any fault, liability, or wrongdoing of any kind.

**6.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

6.1    This Settlement shall be subject to approval of the Court. As set forth in Section 12, Defendants shall have the right to withdraw from the Settlement if the Court does not approve the material aspects of the Settlement Agreement.

10

6.2     Plaintiff, through Class Counsel, shall submit this Agreement, together with its Exhibits, to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, substantially in the form of Exhibit B, which order shall seek a Final Approval Hearing date and approve the Notices and Claim Form for dissemination in accordance with the applicable notice provisions of this Agreement.

6.3     At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that the Court hold a Final Approval Hearing approximately ninety (90) calendar days after entry of the Preliminary Approval Order and approve the Settlement of the Litigation as set forth herein.

6.4     At least seven (7) calendar days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for: (i) final approval of the Settlement; (ii) final appointment of the Class Representative and Class Counsel; and (iii) final certification of the Settlement Class, including for the entry of a Final Order and Judgment, and file a memorandum in support of the motion for final approval.

## 7.     NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS

### 7.1     Class List

(a)     Defendants shall create a class list, in electronic form, based on readily available information already within its possession ("Class List").  Defendants shall provide the Class List only to the Settlement Administrator within seven (7) calendar days of entry of the Preliminary Approval Order.

(b)     The Class List shall include the names and last known mailing and email addresses for each Settlement Class member to the extent available. The Settlement Administrator will update the Class List using the U.S. Postal Service's database of verifiable mailing addresses and the National Change-of-Address database.

### 7.2     Type of Notice Required

(a)     The Notice, which shall be substantially in the form of Exhibit A attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement, and to further inform Settlement Class Members how they may:  (a) protect their rights regarding the Settlement; (b) request exclusion from the Settlement Class and the proposed Settlement, if desired; (c) object to any aspect of the proposed Settlement, if desired; and (d) participate in the Final Approval Hearing, if desired.  The Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

(b)     Dissemination of the Notice shall be the responsibility of the Settlement Administrator.

(c)     Notice of the settlement shall be sent via U.S. Mail and email (where available) within thirty (30) calendar days of the entry of the Preliminary Approval Order. For all mailings returned as undeliverable, the Settlement Administrator shall perform a reverse look-up to find updated addresses and will cause the Notice mailing to be re-mailed to those members of the Settlement Class.

### 7.3    Allocation

(a)     Within twenty-one (21) calendar days after the Effective Date, the Settlement Administrator shall send a check by First Class U.S. Mail to each Settlement Class Member, including the Named Plaintiff, equal to a pro-rated share of the Settlement Fund, less Settlement Administrative Expenses, the Service Award to the Named Plaintiff, and the Fee Award to Class Counsel.

(b)     Within twenty-one (21) calendar days after the Effective Date, the Settlement Administrator shall send the Named Plaintiff a check in the amount of $10,000 (Ten Thousand Dollars).  This amount will be paid to Plaintiff as 1099 income.

(c)     The Settlement Administrator shall notify the Parties that all payments have been issued within five (5) business days of the last such payment.  The Settlement Administrator will provide Counsel for the Parties with weekly reports regarding the status of administration of this Settlement.

(d)     Checks to the Settlement Class Members shall remain valid and negotiable for one hundred twenty (120) calendar days from the date of their issuance and shall thereafter automatically be cancelled if not cashed within that time period.  Within ninety (90) calendar days of issuance of settlement checks, the Claims Administrator shall provide a list of any settlement checks that are not cashed/negotiated within seventy-five (75) calendar days of issuance to Counsel for the Parties.  Additionally, at the conclusion of the one hundred twenty (120) calendar day period, the Claims Administrator shall provide a list of any settlement checks that are not then cashed/negotiated to Counsel for the Parties.  Within fourteen (14) calendar days of the expiration of the one hundred twenty (120) calendar day period, the Claims Administrator shall transfer such uncashed funds to the *cy pres* recipient.

(e)     The Settlement Administrator will provide Counsel for the Parties with weekly reports regarding the status of administration of this Settlement Agreement, including, without limitation, the portion of the Settlement Fund that has not been cashed within one hundred twenty (120) calendar days following the date such check was originally issued.

### 8.    EXCLUSIONS

### 8.1    Exclusion Period

(a)     Settlement Class Members will have up to the Objection/Exclusion Deadline, or forty-five (45) calendar days from issuance of the Settlement Notice, to

exclude themselves from the Settlement in accordance with this Section. If the Settlement is finally approved by the Court, all Settlement Class Members who have not opted out by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasing Party as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for any and all Released Claims.

**8.2     Exclusion Process**

(a)     A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline.

(b)     In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, telephone number, and email address; the case name and number of this Litigation, a statement that he/she wishes to be excluded from the Settlement Class; and his/her signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

(c)     Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Settlement or any order or judgment of the Litigation; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the Settlement Agreement. Any member of the Settlement Class who attempts to both object to and exclude themselves from this Settlement Agreement will be deemed to have excluded themselves and will forfeit the right to object to the Settlement or any of its terms.

(d)     The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

8.3     Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Counsel for the Parties a written list reflecting all timely and valid exclusions from the Settlement Class.

# 9.     <u>OBJECTIONS</u>

9.1     The Notice shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (i) file copies of such papers he/she

proposes to submit at the Final Approval Hearing with the Clerk of the Court; and (ii) send copies of such papers via United States mail, hand delivery, or overnight delivery to Class Counsel and Defendants' Counsel. A copy of the objection must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections.

9.2     Any Settlement Class Member who intends to object to this Settlement must include in any such objection: (i) his/her full name, address, email address, and current telephone number; (ii) the case name and number of the Litigation; (iii) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (iv) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (v) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

9.3     Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Agreement, shall not be permitted to object to the approval of the Settlement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

9.4     Settlement Class Members cannot both object to and exclude themselves from this Settlement Agreement. Any Settlement Class Member who attempts to both object to and exclude themselves from this Settlement Agreement will be deemed to have excluded themselves and will forfeit the right to object to this Settlement Agreement or any of its terms.

## 10.    FINAL APPROVAL HEARING

10.1    The Parties will jointly request that the Court hold a Final Approval Hearing approximately ninety (90) calendar days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to Federal Rule of Civil Procedure 23 for settlement and, if so: (i) consider any properly-filed objections, (ii) determine whether the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connections therewith, and (iii) enter the Final Approval Order, including final approval of the Settlement Agreement, and a Fee Award.

## 11.    FINAL APPROVAL ORDER

11.1    The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waiver of any rights of appeal.

11.2    The Parties shall jointly submit to the Court a proposed Final Approval Order that, without limitation:

(a)    Approves finally this Agreement and its terms as fair, reasonable and adequate as to, and in the best interest of, the Settlement Class Members; makes a finding that the Agreement was entered into in good faith, and direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

(b)    Dismisses, with prejudice, all claims of the Settlement Class against Defendants in the Litigation, without costs and fees except as explicitly provided for in this Agreement; and

(c)    Reserves continuing and exclusive jurisdiction over the Settlement and this Agreement, including but not limited to the Litigation, the Settlement Class, the Settlement Class Members, Defendants, and the Settlement for the purposes of administering, consummating, supervising, construing and enforcing the Settlement Agreement and the Settlement Fund.

11.3    Class Counsel shall use their best efforts to assist Defendants in obtaining dismissal with prejudice of the Litigation and take all steps necessary and appropriate to otherwise effectuate all aspects of this Agreement.

## 12.    **TERMINATION OF THE SETTLEMENT**

12.1    The Settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties).  All Exhibits attached hereto are incorporated into this Settlement Agreement.  Accordingly, either Party may elect to terminate and cancel this Settlement Agreement within ten (10) calendar days of any of the following events:

(a)    This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

(b)    The Court refuses to grant Preliminary Approval of this Agreement in any material respect;

(c)    The Court refuses to grant final approval of this Agreement in any material respect;

(d)    The Court refuses to enter a final judgment in this Litigation in any material respect; or

(e)    The Court's order granting preliminary or final approval is substantially modified or reversed.

15

12.2    In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with the provisions herein, the Litigation will return to the status quo ante as if no settlement had been negotiated or entered into.

## 13.    ATTORNEYS' FEES, COSTS AND EXPENSES AND SERVICE AWARD

13.1    At least fourteen (14) calendar days prior to the Objection Deadline, Class Counsel will file, a Fee Petition that seeks a Fee Award not to exceed 35% of the Settlement Fund, as payment for attorneys' fees and reimbursement of out-of-pocket costs.  Class Counsel did not negotiate with Defendants regarding the proposed Fee Award, and Defendants take no position regarding the proposed Fee Award.

13.2    Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as part of their Approved Claims.

13.3    Notwithstanding any contrary provision of this Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

13.4    Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for a Service Award for the Class Representative in an amount not to exceed $10,000 (Ten Thousand Dollars), and Defendants agree that they will not oppose such a request.  The Service Award shall be paid solely from the Settlement Fund by check written by the Settlement Administrator within seven (7) calendar days of the Effective Date.

13.5    Class Counsel shall provide the Settlement Administrator with its completed W-9 form before the payment of the Fee Award is due.  Within seven (7) calendar days of the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Fund the amount awarded by the Court in the Fee Award.  The Fee Award shall be paid solely from the Settlement Fund via electronic wire transfer to an account designated by Class Counsel.

13.6    In no event will Defendants' liability for attorneys' fees, expenses, and costs, Administration Expenses, and/or a Service Award exceed their funding obligations set out in this Agreement.  Defendants shall have no financial responsibility for this Settlement Agreement outside of the Settlement Fund.  Defendants shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class.  Defendants will have no responsibility, obligation, or liability for allocation of the Fee Award, Settlement Administrative Expenses, the Service Award, or any other costs, fees, and/or expenses among Class Counsel, Plaintiff, and/or Class Members except for payment of the Settlement Fund.

14. **MISCELLANEOUS REPRESENTATIONS**

14.1    The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation for Plaintiff and Settlement Class Members related to the Released Claims.

14.2    The Parties agree that this Settlement Agreement does not give rise to any admission of liability or wrongdoing, and that this Settlement Agreement may not be construed in whole or in part as an admission of fault by Defendants or any of the Released Parties.

14.3    The Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement, and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.  Class Counsel and Defendants' Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

14.4    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.

14.5    Nothing express or implied in this Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Released Parties, and Settlement Class Members any right or remedy under or by reason of this Agreement.  Each of the Released Parties is an intended third-party beneficiary of this Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her, or its favor against all Releasing Parties.

14.6    The Parties have relied upon the advice and representation of counsel, selected by themselves, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by this Settlement.

14.7    Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

14.8    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

14.9    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein.  No representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and

memorialized in such documents.

14.10   This Agreement may not be amended, modified, altered, or otherwise changed in any manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

14.11   The Parties agree that Exhibits A-B to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

14.12   The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

14.13   Except as otherwise provided herein, each Party shall bear its own costs.

14.14   Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

14.15   The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

14.16   The Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not (1) constitute, be construed, be offered, or received into evidence for any purpose, including, without limitation, as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (2) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

14.17   The Parties also agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

14.18   This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, shall be inadmissible for any purposes, including, without limitation, as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever.  Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed, offered, or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

14.19   The provisions of this Settlement Agreement, and any orders, pleadings, or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay or dismiss any other action, and/or (5) to obtain Court approval of the Settlement Agreement.

14.20   Except as provided herein, there shall be no comments made to the press or any third party, or any other disclosure by or through the Parties or their attorneys or agents, comprising opinions as to the Litigation.  Plaintiff and/or Class Counsel shall not make any public statement, including any statement to the press or on any press website, regarding the Settlement Agreement or settlement.  Defendants and/or Defendants' Counsel shall not make any public statement, including any statement to the press, regarding the Settlement Agreement or settlement. This paragraph shall not be construed to limit or impede the notice requirements of Section 7 above; nor shall this paragraph be construed to prevent Class Counsel or Defendants' Counsel from notifying or explaining to potential Settlement Class Members or others that this case has settled and how to obtain settlement benefits; nor shall this paragraph limit the representations that the Parties or Counsel for the Parties may make to the Court to assist in its evaluation of the proposed settlement; nor shall this paragraph limit Defendants' ability to discuss in a confidential manner the terms of this settlement with its clients and business partners; nor shall this paragraph limit Plaintiff's ability to discuss the terms of this settlement with immediate family members, lawyers or tax advisors.  If a Party is required by a valid, enforceable subpoena or government information request to disclose information about the settlement, such Party shall provide reasonable prior notice (to the extent permitted by applicable law) to the other Party to allow the other Party to seek to prevent such disclosure.  A Party may also provide necessary and accurate information about the settlement to its shareholders and other persons or entities as required by securities laws or other applicable laws or regulations.

14.21   This Agreement may be executed in one or more counterparts exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged, including electronic signatures via DocuSign, shall be deemed an original signature for purposes of this Settlement Agreement.  All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that Counsel for the Parties to this Agreement all exchange signed counterparts.

14.22   This Agreement shall be binding upon, and insure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

14.23   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and the Parties hereby submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

14.24   All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of Illinois, without giving effect to any conflict of law or choice of law principles.

14.25   This Agreement is deemed to have been prepared by counsel for all Parties as a result of arms-length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Agreement and its Exhibits, it shall not be construed more strictly against one Party than another.

14.26   Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

|  |  |
|---|---|
| If to Class Counsel: | If to Defendants' Counsel: |
| David J. Fish | Hyongsoon Kim |
| Mara Baltabols | Akin Gump Strauss Hauer & Feld LLP |
| Fish Potter Bolaños, P.C. | 110 N. Wacker Drive, Suite 2800 |
| 111 E. Wacker Drive, Suite 2300 | Chicago, IL 60606 |
| Chicago, IL 60601 | KimH@AkinGump.com |
| dfish@fishlawfirm.com |  |
| mara@fishlawfirm.com |  |

14.27   This Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS HEREOF, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**KENYA FORT, individually and as a Class Representative**

Signature: _Kenya Fort_____

Date: 12/21/2023 04:03 UTC_____

**FISH POTTER BOLAÑOS, P.C., as Class Counsel**

Signature: _____

Print Name: Mara Baltabols_____

Date: 12/21/2023 04:07 UTC_____

**ANTECH DIAGNOSTICS, INC.**

Signature: _____

Date: 12/21/2023_____

**VICAR OPERATING INC.**

Signature: _____

Date: 12/21/2023_____

**AKIN GUMP STRAUSS HAUER & FELD LLP, as Defendants' Counsel**

Signature: _____

Print Name: Hyongsoon Kim_____

Date: December 21, 2023_____

21

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU USED A FINGER OR HAND SCAN TIMECLOCK AT ANTECH DIAGNOSTICS, INC. AT ANY TIME BETWEEN NOVEMBER 29, 2017 AND [DATE OF PRELIMINARY APPROVAL]**

***This is a court-authorized notice of a proposed class action settlement. This is not a solicitation from a lawyer and is not notice of a lawsuit against you.***

### What is this Notice About?

A proposed settlement has been reached in a class action lawsuit against Antech Diagnostics, Inc. ("Antech"), and Vicar Operating Inc. ("Defendants") regarding the finger scan timeclocks that Defendants' employees used, which Plaintiff claims were allegedly in violation of the Illinois Biometric Information Privacy Act ("BIPA"). The case is entitled *Kenya Fort v. Antech Diagnostics, Inc., et al.,* Case No. 1:23-cv-00367*,* pending in the U.S. District Court for the Northern District of Illinois. The proposed settlement is not an admission of wrongdoing by Defendants, and Defendants deny that they violated the law. The Court has not decided who is right or wrong. Rather, to save the time, expense, and distraction of litigation, the parties have agreed to settle the lawsuit. The settlement has been preliminarily approved by a court in Chicago, Illinois.

### Am I a Member of the Settlement Class?

You are a member of the Settlement Class if, at any time between November 29, 2017 and [date of preliminary approval], you were employed by Defendants in Illinois, and used a hand or finger scan timeclock at work.

### What Can I Get From the Proposed Settlement?

Defendants have agreed to create a fund totaling $1,183,300 from which all payments contemplated by the Settlement Agreement will be paid, including: (a) Service Award to Plaintiff, Kenya Fort, in an amount up to $10,000; (b) reasonable attorneys' fees to Class Counsel not to exceed 35% percent of the Settlement Fund plus reimbursement of reasonable costs; (c) costs incurred by or on behalf of the Settlement Administrator in administrating the settlement; (d) an equal share of the remaining Settlement Fund to each Settlement Class Member.

The Settlement Administrator will issue a check to each Class Member who does not otherwise exclude themselves following the final approval of the settlement. It is believed that each Class Member will receive approximately $840 from the Settlement Fund, but the exact amount is not yet known and could be more or less.

**EXHIBIT A**

## Who Represents the Class?

The Court has approved the following attorney to represent the Settlement Class, who is referred to as "Class Counsel," Fish Potter Bolaños, P.C., 111 E. Wacker Dr., Ste. 2300, Chicago, IL 60601, admin@fishlawfirm.com, (312) 861-1800. You will not be charged for this lawyer. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

## What Are Your Options?

1.      If you want to participate in the settlement and receive a settlement payment, do nothing. A check will be mailed to you if the Court grants final approval of the settlement.

2.      If you do not want to be legally bound by the settlement, you must exclude yourself by [45 days of the Notice date]. To do so, you must mail your written request for exclusion to the Settlement Administrator, Analytics Consulting, LLC, at the address listed below, postmarked on or before the deadline. Your written request for exclusion must identify the name of the case and case number, *Kenya Fort v. Antech Diagnostics, Inc., et al.,* Case No. 1:23-cv-00367, include your full name, current address, telephone number, a statement that you wish to be excluded from the settlement, and your signature. If you exclude yourself, you will not receive money from this settlement, but you will retain your legal rights regarding any claims that you may have against Defendants.

3.      You may object to the settlement by [45 days of the Notice Date] if you have not already excluded yourself from the settlement. If you want to object to the settlement, you must file the objection with the Clerk of the Court in Cook County and deliver, e-mail, or mail postmarked by the deadline a copy of your objection to Class Counsel and Defendants' Counsel at the addresses below by [45 days from of the Notice Date].

| Class Counsel | Defendants' Counsel |
|---|---|
| Mara Baltabols | Hyongsoon Kim (admitted pro hac vice) |
| Fish Potter Bolaños, P.C. | Akin Gump Strauss Hauer & Feld LLP |
| 111 E. Wacker Dr., Suite 2300 | 4 Park Plaza, Suite 1900 |
| Chicago, IL 60601 | Irvine, California, 92614 |
| (312) 861-1800 | (949) 885-4100 |
| admin@fishlawfirm.com | kimh@akingump.com |

The written objection must include the case name and number, *Kenya Fort v. Antech Diagnostics, Inc., et al.,* Case No. 1:23-cv-00367 (N.D. Ill.), your full name, current address, and telephone number, date range of employment with Defendants, all grounds for the objection, including all supporting materials, name and contact information of your attorney, if any, identification of any other objections that you have filed in other class action cases, a statement whether you intend to appear at the Final Approval hearing, including a list of any witnesses that you may call to testify, as well as any exhibits you intend to introduce, and your signature. You may obtain court records for this case, along with a copy of the Settlement Agreement, from the Clerk of Court.

**EXHIBIT A**

**How do I update my Contact Information?**

You must notify the Settlement Administrator of any changes in your mailing address so that your settlement award will be sent to the correct address. To update your address, contact Analytics Consulting, LLC, the Settlement Administrator, at the contact listed below.

**When is the Final Approval Hearing?**

The Court will hold a final approval hearing in this case on **_____, 2024 at ___:00 a.m.,** in Courtroom 2243 of the Everette McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, by phone conference or other remote means as ordered by the Court, to consider, among other things, (1) whether to approve the settlement; (2) a request by Class Counsel for an award of no more than 35% of the Settlement Fund plus reasonable costs; and (3) a request for a Service Award of $10,000 for the Class Representative. You may appear at the hearing, but you are not required to do so unless you object.

If you have any questions or for more information, or to update your mailing address, contact the Settlement Administrator or Class Counsel at:

| | |
|---|---|
| Settlement Administrator | Class Counsel |
| Analytics Consulting, LLC | Mara Baltabols |
| 18675 Lake Drive East | Fish Potter Bolaños, P.C. |
| Chanhassen, MN 55317 | 111 E. Wacker Dr., Suite 2300 |
| | Chicago, IL 60601 |
| | admin@fishlawfirm.com |
| | (312) 861-1800 |

For more information, please contact the Settlement Administrator or Class Counsel at the information above. Please do not call the Judge, the Clerk of the Court, or Defendants' counsel about this case.

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KENYA FORT, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | |
| v. | Case No. 1:23-cv-00367 |
| ANTECH DIAGNOSTICS, INC. and VICAR OPERATING INC., | |
| *Defendants.* | |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Kenya Fort ("Plaintiff"), and Antech Diagnostics, Inc. ("Antech"), and Vicar Operating Inc. ("Vicar", and together with Antech, "Defendants") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendants (the "Settlement Agreement"), and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

1.      Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2.      The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3.      The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

1

4.     The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Class Members.

5.     For settlement purposes only, the Court certifies a Settlement Class defined as follows:

> All individuals who scanned their fingers on a timeclock provided by Defendants while in Illinois at any time from November 29, 2017 through the date of the Preliminary Approval Order and who did not timely exclude themselves from the Settlement.

Excluded from the Settlement Class are all persons who timely elect to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

6.     The Court finds that distribution of the Notice to the proposed Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed class for purposes of settlement.

7.     The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

8.      For settlement purposes only, the Court appoints Kenya Fort as the Class Representative.

9.      For settlement purposes only, the Court appoints as Class Counsel:

David Fish
Mara Baltabols
Fish Potter Bolaños, P.C.
111 E. Wacker Dr., Suite 2300
Chicago, Illinois 60601
admin@fishlawfirm.com
(312) 861-1800

10.     The Court appoints Analytics Consulting, LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

11.     The Court finds that distribution of the proposed Notice of Class Action Settlement ("Notice") by mail is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Class Members with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

12.     Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice by _____ [45 days from Notice date].

13. Any Settlement Class Member who excludes themselves from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

14. Any Class Member who does not request to be excluded from the Settlement may object to the Settlement by submitting a written statement to the Settlement Administrator as described in the Notice by _____ [45 days from Notice date].

15. Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Class Representative's Service Award ("Fee Petition") no later than _____.

16. Settlement Class Counsel shall file a motion for final approval of the Settlement no later than _____. The motion for final approval shall include copies of any objections submitted and identify any Settlement Class Members who have requested to be excluded from the Settlement.

17. The Court schedules a Final Approval Hearing for **_____, 2024 at ___:00 a.m.** in Courtroom 2243 of the Everette McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to be held via phone conference or other remote means, unless otherwise ordered by the Court, to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Class Counsel's request for attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's costs; and (4) whether to approve the Class Representative's request for an Service Award. Settlement Class Members may, but are not required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement.

4

18.     The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: _____          _____

                                              Hon. Elaine E. Bucklo

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENYA FORT, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | |
| v. | Case No. 1:23-cv-00367 |
| ANTECH DIAGNOSTICS, INC. and VICAR OPERATING INC., | |
| *Defendants.* | |

**<u>FINAL ORDER AND JUDGMENT</u>**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Kenya Fort ("Plaintiff"), and Antech Diagnostics, Inc. ("Antech"), and Vicar Operating Inc. ("Vicar", and together with Antech, "Defendants") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendants (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.      Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.      The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting, LLC, to Settlement Class Members by direct mail and email where available. The Notice and the methods of

1

distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules

of Civil Procedure, and constitute the best notice practicable under the circumstances.

    3.    [Number] Settlement Class Members submitted objections or excluded

themselves from the Settlement.

    4.    The Court grants final certification of the class that the Court previously

certified for settlement purposes in its Preliminary Approval Order. The Class is defined

as follows:

> All individuals who scanned their fingers on a timeclock provided by Defendants while in Illinois at any time from November 29, 2017 through the date of the Preliminary Approval Order and who did not timely exclude themselves from the Settlement.

Excluded from the Settlement Class are all persons who timely elect to exclude

themselves from the Settlement Class, the Court and staff to whom this case is assigned,

and any member of the Court's or staff's immediate family.

    5.    The Court finds the settlement memorialized in the Settlement Agreement

and filed with the Court is fair, reasonable, and adequate, and in the best interests of

Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class

Representative's and Settlement Class Members' claims weighed against the Defendants'

defenses and the complexity, length and expense of further litigation support approval of

the Settlement; (b) the Gross Settlement Fund set forth in the Settlement Agreement is a

fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached

pursuant to arm's-length negotiations between the Parties; (d) the support for the

Settlement expressed by Settlement Class Counsel, who have significant experience

representing parties in complex class actions, including those involving Biometric

Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the

absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6.     The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

7.     The Court awards $_____ to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

8.     The Court awards Settlement Class Counsel $_____ in attorney fees and $_____ in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

9.     The Court awards Settlement Class Representative Kenya Fort $10,000 as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

10.    This matter is dismissed with prejudice. The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.


Entered: _____          _____

                                                  Hon. Elaine E. Bucklo