**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENYA FORT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTECH DIAGNOSTICS, INC. and VICAR OPERATING INC.,<br><br>*Defendants.* | Case No. 1:23-cv-00367 |

**FINAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Kenya Fort ("Plaintiff"), and Antech Diagnostics, Inc. ("Antech"), and Vicar Operating Inc. ("Vicar", and together with Antech, "Defendants") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendants (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting, LLC, to Settlement Class Members by direct mail and email where available. The Notice and the methods of

1

distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. Zero Settlement Class Members submitted objections and two Class Members excluded themselves from the Settlement. The individuals referenced in Exhibit 2 to the Declaration of the Settlement Administrator, Erin Feucht and Maya O'Neal, are excluded from the Settlement.

4. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Class is defined as follows:

> All individuals who scanned their fingers on a timeclock provided by Defendants while in Illinois at any time from November 29, 2017 through the date of the Preliminary Approval Order and who did not timely exclude themselves from the Settlement.

Excluded from the Settlement Class are all persons who timely elected to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

5. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative's and Settlement Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience

representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6. All Settlement Class Members, except for those who are excluded from the Settlement Class as set forth above, shall be bound by the Settlement and this order, including the release of claims as set forth in the Settlement Agreement.

7. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

8. The Court awards $14,970.00 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

9. The Court awards Settlement Class Counsel 35% of the gross Settlement Funds, which amounts to $465,883.08, in attorney fees plus $389.72 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

10. The Court awards Settlement Class Representative Kenya Fort $10,000 as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

11. This matter is dismissed with prejudice. The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Entered: May 14, 2024

Hon. Elaine E. Bucklo