IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENYA FORT, individually and on behalf of all others similarly situated,<br><br>       *Plaintiff,*<br><br>  v.<br><br>ANTECH DIAGNOSTICS, INC. and VICAR OPERATING INC.,<br><br>       *Defendants.* | Case No. 1:23-cv-00367 |

**JOINT MOTION TO REOPEN ACTION FOR PURPOSES OF ADMINISTERING SUPPLEMENTAL NOTICE TO SETTLEMENT CLASS MEMBERS**

Plaintiff Kenya Fort ("Plaintiff"), on behalf of herself and the Settlement Class, and Defendants Antech Diagnostics, Inc. ("Antech") and Vicar Operating Inc. ("Vicar" and, together with Antech, "Defendants") (collectively, "the Parties') respectfully submit this Joint Motion to Reopen Action for Purposes of Administering Supplemental Notice to Settlement Class Members.

**I. BACKGROUND**

On April 24, 2024, Plaintiff filed her Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff and Defendants. *See* Plaintiff's Combined Motion for Final Approval of Class Action Settlement, Dkt. 34. By that Unopposed Motion, the Parties requested that the Court enter judgment and final approval of the Settlement Agreement and Release ("Settlement Agreement") reached between the Parties. *Id*.

On May 14, 2024, the Court entered its Final Order and Judgment, granting final certification of the Settlement Class, finding the settlement memorialized in the Settlement Agreement to be fair, reasonable, and adequate, and in the best interests of the Settlement Class

1

Members, and ordering the Parties to comply with the terms of the Settlement Agreement. *See* Final Order and Judgment, Dkt. 39.

After the Court entered its Final Order and Judgment, in July 2024, Defendants discovered that certain members of the Settlement Class were mistakenly and inadvertently left off the class list provided to the Settlement Administrator (the "Newly Identified Class Members"). Defendants promptly investigated the situation and informed Class Counsel of this inadvertent mistake. The Parties met and conferred and agreed that in order to comply with the Settlement Agreement as ordered, the Parties require the Court's limited further adjudication so that this Action can be reopened and notice and payment can be administered to the Newly Identified Class Members pursuant to the terms of the approved Settlement Agreement.[1]

## II.  LEGAL AUTHORITY AND STANDARDS

The Court's Final Order and Judgment expressly provides that the Court "retains jurisdiction" of the Action "with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement." Final Order and Judgment, Dkt. 39 ¶ 11. Further, Rule 23 of the Federal Rules of Civil Procedure permits the Court in conducting a class action to "issues orders that" (a) "determine the course of proceedings" and (b) "deal with similar procedural matters." Fed. R. Civ. Proc. 23(d)(1). And insofar as the Final Order and Judgment dismissed the Action, Rule 60 of the Federal Rules of Civil Procedure allows the Court to relieve the Parties from that dismissal. Fed. R. Civ. Proc. 60(b).

## III.  ARGUMENT

As detailed above, reopening the Action is necessary to fully effectuate the terms of the

---

[1] The Settlement has been fully administered as to those Settlement Class Members who were included on the class list at the time of the Court's Final Judgment and Order.

Settlement Agreement and this Court's Final Order and Judgment and will allow all members of the Settlement Class to receive notice and payment pursuant to the Settlement Agreement.

The Parties agree that the Newly Identified Class Members will be subject to the same terms as set forth in the Settlement Agreement, attached hereto as **Exhibit 1**. Accordingly, the Parties agree that the Newly Identified Class Members should receive notice of the Settlement Agreement pursuant to the Court-approved plan described in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. 23).

Pursuant to Section 4 of the Settlement Agreement, Defendants will create a Settlement Fund of $274,050 (the "Supplemental Settlement Fund"). *See* Settlement Agreement §§ 2.33, 4 (providing for the creation of a Settlement Fund).

Each Newly Identified Class Member who does not timely exclude him or herself will be paid their *pro rata* share from the Supplemental Settlement Fund. *See* Plaintiff's Combined Motion for Final Approval of Class Action Settlement, Dkt. 34, p. 2 n.1.

Any remaining funds in the Supplemental Settlement Fund after payments are issued to the Newly Identified Class Members ("Remaining Funds") will first be used to pay the Settlement Administrator for the costs of additional administrative expenses, and then to Class Counsel as additional Attorneys' Fees or Costs, not to exceed 35% of the Supplemental Settlement Fund. To the extent any Remaining Funds are leftover, they will be distributed to the *cy pres* recipient pursuant to Section 4.1(d) of the Settlement Agreement.[2]

---

[2] The Parties otherwise incorporate the remaining arguments contained in Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement (Dkt. 23) and Plaintiff's Combined Motion for Final Approval of the Class Action Settlement (Dkt. 34) in further support of this Joint Motion.

## IV. CONCLUSION

Based on the foregoing, the Parties respectfully request that this Court reopen this Action for purposes of administering supplemental notice to settlement class members and Order the following:

1. That Defendants provide a class list identifying the Newly Identified Class Members to the Settlement Administrator within seven (7) calendar days of this Motion being granted, in accordance with the Court-approved plan described in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and the Settlement Agreement;

2. That Defendants deposit Two Hundred Seventy-Four Thousand Fifty Dollars ($274,050) into the Escrow Account described in the Settlement Agreement within twenty-one (21) calendar days of this Motion being granted to establish the Supplemental Settlement Fund;

3. That within thirty (30) calendar days of this Motion being granted, the Settlement Administrator provide notice to the Newly Identified Class Members in accordance with the Court-approved plan described in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and the Settlement Agreement (the "Supplemental Notice");

4. Newly Identified Class Members shall have forty-five (45) calendar days from the issuance of the Supplemental Notice to exclude themselves from the Settlement in accordance with Section 8 of the Settlement Agreement or object to the Settlement Agreement and its terms pursuant to Section 9 of the Settlement Agreement;

5. That within twenty-one (21) calendar days after the end of the objection/exclusion deadline, the Settlement Administrator shall send a check by First Class U.S. Mail to each Newly Identified Class Member who does not exclude him or herself, their *pro rata* share of the Supplemental Settlement Fund;

6. That within twenty-one (21) after the end of the objection/exclusion deadline, the Settlement Administrator shall (a) be paid from the Remaining Funds an amount up to $9,000 for additional Administration Costs, and (b) send a payment via check from the Remaining Funds to Class Counsel, for attorney fees, not to exceed 35% of the Supplemental Settlement Fund. Any funds leftover from the Remaining Funds shall be distributed to the *cy pres* recipient pursuant to Section 4.1(d) of the Settlement Agreement.

7. That the Parties submit final approval papers with respect to any objections from the Newly Identified Class Members at least seven (7) calendar days before the

final approval hearing;[3]

8. That the final approval hearing with respect to any objections raised by Newly Identified Class Members shall be held ninety (90) calendar days after the Court grants this Motion; and

9. All other terms of the Settlement Agreement are incorporated herein and apply with equal force to the Newly Identified Class Members.

Dated: August 23, 2024   **ANTECH DIAGNOSTICS, INC. AND VICAR OPERATING INC.**

By:   /s/ Hyongsoon Kim
      Attorneys for Defendants

**AKIN GUMP STRAUSS HAUER & FELD LLP**
HYONGSOON KIM (admitted *pro hac vice*)
kimh@akingump.com
4 Park Plaza, Suite 1900
Irvine, California 92614
Tel: 949-885-4100

**NORTON ROSE FULBRIGHT US LLP**
JOSHUA D. LEE, ARDC No. 6279235
josh.lee@nortonrosefulbright.com
1045 W. Fulton Market, Suite 1200
Chicago, Illinois 60607
Tel: 312-964-7772

*Attorneys for Defendants Antech Diagnostics, Inc. and Vicar Operating Inc.*

Dated: August 23, 2024   **WORKPLACE LAW PARTNERS, PC**

By:   /s/ Mara Baltabols
      Attorneys for Plaintiff and the Settlement Class

**WORKPLACE LAW PARTNERS, PC**
MARA BALTABOLS
docketing@fishlawfirm.com
155 N. Michigan Ave., Suite 719
Chicago, Illinois 60601
Tel: 312-861-1800
*Attorneys for Plaintiff and the Settlement Class*

---

[3] Because this Court already approved the Settlement Agreement, the Parties would limit final approval submissions to address any issues raised in connection with objections or notice concerning the Newly Identified Class Members.